# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMMERVISION, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CA No. 1:18-cv-01630-MN |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| LG ELECTRONICS U.S.A., INC. AND LG ELECTRONICS, INC. | ) ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| IMMERVISION, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CA No. 1:18-cv-01631-MN |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| LG ELECTRONICS U.S.A., INC. AND LG ELECTRONICS, INC. | ) ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS ALLEGEDLY A GENUINE ISSUE TO BE TRIED

Dated: July 26, 2022

MORGAN, LEWIS & BOCKIUS LLP
John V. Gorman (#6599)
Amy M. Dudash (#5741)
Kelsey A. Bomar (#6641)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
john.gorman@morganlewis.com
amy.dudash@morganlewis.com
kelsey.bomar@morganlewis.com

*Counsel for Defendants LG Electronics U.S.A., Inc. and LG Electronics, Inc.*

Defendants LG Electronics U.S.A., Inc. ("LGE USA") and LG Electronics, Inc. ("LGE Korea") (collectively, "LGE Defendants") respond to Plaintiff ImmerVision, Inc.'s ("ImmerVision") Statement of Material Facts as to Which There is Allegedly a Genuine Issue to be Tried (D.I. 187, Civil Action No. 1:18-cv-01630 (the "1630 Action"); D.I. 185, 1631 Action Civil Action No. 1:18-cv-01631 (the "1631 Action")). Numbered paragraphs here correspond to those in ImmerVision's statement. Exhibits cited are attached to the Declarations of John V. Gorman filed July 5, 2022 (D.I. 178), and July 26, 2022 (submitted concurrently herewith).

**Issues Regarding Motion For Summary Judgment Regarding LGE Korea (D.I. 176)**[1]

**1.-3.** The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176). The LGE Defendants deny ImmerVision's statements.

**4.** The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176). The LGE Defendants do not deny that LGE Korea 100% owns LGE USA, or that ImmerVision's Exhibit L, at LG_00026988, contains the language quoted.

**5.** The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176). The LGE Defendants deny there is evidence that LGE Korea has controlled LGE USA's defense.

**6.-7.** The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176).

**8.** The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176). The LGE Defendants dispute ImmerVision's statement because Defendants designated multiple corporate designees, with each designee testified as to separate topics for each Defendant, and did not designate a witness "on each deposition topic."

**9.** The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176). The LGE Defendants both produced documents under the same "LG" prefix Bates numbers.

---

[1] Citations to docket entries will be made to the 1630 Action unless otherwise noted.

10. The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176). The LGE Defendants dispute ImmerVision's statement because a single set of sales figures for U.S. sales of the accused smartphones was produced.

11. The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176).

12. The LGE Defendants have withdrawn the motion to which this statement relates (D.I. 176). The LGE Defendants dispute ImmerVision's statement because ImmerVision did not request in discovery that Defendants identify all bases for why ImmerVision does not meet its infringement burden. Further, the LGE Defendants disclosed during discovery that LGE USA was the Defendant who ▉▉▉▉▉▉▉ sold the accused smartphones in the U.S. *See* D.I. 178, Ex. 11 at 16:8-23, 21:7-12 (Peterson Tr.); Second Gorman Decl. Ex. 31 at 20-21.

### Issues Regarding Alleged Infringement of Claim 5 (D.I. 175)

13. ImmerVision's infringement contentions for claim 5 did not address how the LGE Defendants practiced the claimed "method of capturing a digital panoramic image" and thus do not create a genuine issue of fact. *See* Ex. 4.

14. Mr. Aikens addressed the stated limitation in both his opening and reply expert reports, but neither report addressed how the LGE Defendants used the accused smartphones to perform the claimed "method of capturing a digital image."

15. ImmerVision submitted an untimely supplemental Aikens declaration, but it does not explain how the LGE Defendants practiced the claimed method of capturing a digital panoramic image. In it, Mr. Aikens speculates what he "think[s]" are the conditions of the accused phones in their packaging, without providing any facts, data, or analysis to support that speculation.

### Issues Regarding Alleged Pre-Suit Willful Infringement (D.I. 174)

16. While the LGE Defendants do not agree to this statement generally, LGE Korea's pre-suit

knowledge of the '990 patent is not challenged for purposes of the summary judgment motion.

17.  This is denied.  In both their pleadings and interrogatory responses, the LGE Defendants explicitly identified the recipients of the relevant 2011 e-mails as being employed by LGE Korea, and denied they were employed by LGE USA.  *See* Ex. 33 at 8-15; Ex. 34 at ¶¶ 20, 21, 26, 28, 31, 32, 45, 46, 48, 50, 51.  ImmerVision has the burden of proof on willful infringement, and had full opportunity to take any necessary discovery on the issue, but has come forward with no evidence that the e-mail recipients were employed by LGE USA.  Thus, there is no genuine issue of fact precluding summary judgment.

18.  See response to paragraph 17.  The LGE Defendants disclosed to ImmerVision during discovery that LGE Korea employed the recipients of the relevant e-mails.  That LGE Defendants possessed such information is not a reason to deny summary judgment.

19.  For purposes of the motion only, the LGE Defendants do not challenge ImmerVision's statement.  Even if true, this fact does not preclude summary judgment.  ImmerVision does not contend that any of the e-mail exchanges notified either Defendant that they infringed the '990 patent, or that the exchanges were even about the accused smartphones.  Even assuming the e-mails were "about ImmerVision's technology," there is no evidence that the LGE Defendants used any information from the e-mails to make the accused devices.  As such, the e-mails cannot be evidence that either Defendant had pre-suit knowledge that the accused smartphones infringed claim 5 or 21 of the '990 patent.

20.  For purposes of the motion only, the LGE Defendants do not challenge ImmerVision's statement.  Even if true, this fact does not preclude summary judgment.  ImmerVision does not contend that the agreements, or any purported information exchange thereunder, constituted notice that any of the accused smartphones infringe the '990 patent, or were even about any of the accused

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

smartphones.  Further, there is no evidence that the LGE Defendants used any information from the purported exchange to make the accused devices.  The execution of non-disclosure agreements are thus not evidence that either LGE Defendant had pre-suit knowledge that the accused smartphones infringed the '990 patent.

21. For purposes of the motion only, the LGE Defendants do not challenge ImmerVision's statement. The statement does not preclude summary judgment.  There is no evidence that the LGE Defendants designed or made the accused lenses of the accused phones (*see* SoF3 (D.I. 177-3), the lenses were made and designed by third parties), so the fact that the LGE Defendants themselves did not "design around" the '990 patent is irrelevant to the question of pre-suit willful infringement.

22. For purposes of the motion only, the LGE Defendants do not challenge ImmerVision's statement.  But this statement is not a basis for denying summary judgment.  The LG G5 phone is not accused of infringing the '990 patent, and there is no evidence that it does.  The fact that the LGE Defendants sold a non-infringing smartphone with a wide-angle camera is not evidence that the LGE Defendants had pre-suit knowledge that the accused smartphones infringe the '990 patent.

23. It is undisputed that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬  The two pieces of evidence that ImmerVision cites do not demonstrate that the LGE Defendants exercise control over third party ▬▬▬▬▬: (1) The corporate filing cited simply describes LGE Korea's relative control of ▬▬▬▬▬ voting stocks, not operational control of ▬▬▬▬▬. *See* Ex. 34 at ¶ 47; Ex. 35 at ¶ 48. (2) That ▬▬▬▬▬ was identified as a real party in interest in addition to the LGE Defendants in the '990 patent *inter partes* review proceedings supports corporate distinctiveness, not that ▬▬▬▬▬ is an agent of the LGE Defendants.

24. For purposes of the motion only, the LGE Defendants do not challenge ImmerVision's statement.

4

Dated: July 26, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ John V. Gorman*
John V. Gorman (#6599)
Amy M. Dudash (#5741)
Kelsey A. Bomar (#6641)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
john.gorman@morganlewis.com
amy.dudash@morganlewis.com
kelsey.bomar@morganlewis.com

Collin W. Park (Admitted *pro hac vice*)
Calvin M. Brien (Admitted *pro hac vice*)
1111 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 739-3000
collin.park@morganlewis.com
calvin.brien@morganlewis.com

Andrew V. Devkar (Admitted *pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 907-1000
andrew.devkar@morganlewis.com

*Counsel for Defendants LG Electronics U.S.A., Inc. and LG Electronics, Inc.*